Amy Gladys Harwood, Appellee, v. George William Harwood, Appellant.

**Gen. No. 9,673.**

Opinion filed March 3, 1950. Released for publication March 29, 1950.

· ·J. W. Templeman, of Springfield, for appellant.

G. WILLIAM HORSLEY, of Springfield, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The defendant appellant seeks to set aside an order for contempt of court for failure to comply with the terms of a divorce decree on the theory that the court was without jurisdiction to enter the same.

The original complaint for divorce was filed by Amy Gladys Harwood in the circuit court of Sangamon county on the 21st day of January, A.D. 1946 against George William Harwood, the defendant appellant. Personal service was had on the defendant appellant. Each allegation of the one count complaint was fully answered by the defendant appellant on the 16th day of February 1946, in a document entitled—

"ANSWER OF DEFENDANT, GEORGE WILLIAM HARWOOD, AND MOTION TO DISMISS COMPLAINT."

At the conclusion of the complete answer the document contained the following:

"MOTION TO DISMISS COMPLAINT

"Defendant says that plaintiff in her complaint does not allege nor does she show that the court has jurisdiction of the parties to this suit or the subject matter thereof.

"Wherefore the defendant asks that said suit be dismissed at costs to plaintiff."

On the 21st day of May 1946, leave was given plaintiff appellee to file an amended complaint. This was done instanter by filing an amended complaint containing two counts rather than one, and by amending the face of the original complaint by adding an allegation that the plaintiff appellee was for more than one year last passed a resident of the county of Sangamon, and

27

that the defendant appellant was also a resident of Sangamon county, State of Illinois. The court also on that day ordered that an alias summons issue.

Attorney J. W. Templeman appears as the attorney for the defendant appellant in this appeal, and was the same attorney who had filed the answer and motion to dismiss on behalf of the defendant appellant, and who receipted for a copy of the amended complaint at the office of the circuit court clerk, and withdrew as attorney for the plaintiff appellee on September 13, 1946.

Thereafter, on September 20, 1946, the court on motion of the plaintiff appellee vacated the order for alias summons, denied the motion of the defendant appellant to dismiss the complaint and ordered that the defendant appellant answer the amended complaint by October 1, 1946. With nothing further being filed by defendant appellant an order of default was entered against him on the 11th day of October 1946.

It was the failure of the defendant appellant to comply with the terms of the decree of divorce which was entered on the 15th day of October 1946, that resulted in the order of contempt that is the subject matter of this appeal.

The complaint as originally filed alleged that the plaintiff appellee had been a resident of the State of Illinois for more than one year prior to the filing of the complaint, but failed to specifically state that she was a resident of Sangamon county, as it did after amendment. It is on this that the defendant appellant relies to support his contention that the court lacked jurisdiction to enter a decree of divorce.

 We find this argument without weight in view of the fact that the allegation of residence was furnished prior to the hearing on the motion to dismiss. The complaint as amended cured any defect complained of in the defendant's motion. It stated a cause of action over which the trial court had jurisdiction.

 We consider the act of the trial court in ordering the issuance of an alias summons of no importance. It was a meaningless order, as the court then had jurisdiction of the person of this defendant appellant. Jurisdiction already had cannot be lost by the issuance of an alias summons even though issued by the order of the court.

It appears that this trial court was quite patient with this defendant appellant, and the fact that he complied with the order of the court for a period of time in the payment of alimony and support money for the children in that he paid to the clerk of the circuit court the amount of $575 from October 15, 1946, to November 1, 1949, indicates that he was apprised of the fact that a decree had been entered. This is substantiated by the testimony of the defendant appellant.

 The defendant appellant also contends that the trial court erred in ordering in the decree for divorce that all interest in certain real property be given to the plaintiff appellee. That question is not properly before this court. The decree was entered over two years prior to this appeal, and no report of the trial proceedings has been furnished so as to apprise this court of what the evidence was as to the interest of the parties in the real estate in question. We must confine ourselves to the question of the jurisdiction.

 The trial court had jurisdiction over the person of the defendant from the moment that he was served with the original summons and over the subject matter by virtue of the pleadings. Certainly the court could have, on proper evidence, included such a provision relative to the real estate in the decree and could have and did properly enter the order of contempt appealed from.

We hereby affirm the decree of divorce and sustain the order of contempt, both of which were entered by the circuit court of Sangamon county.

*Judgment affirmed.*