(No. 32235.—

GEORGE WILLIAM HARWOOD, Appellant, *vs.* AMY GLADYS HARWOOD, Appellee.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

J. W. TEMPLEMAN, of Springfield, for appellant.

G. W. HORSLEY, of Springfield, for appellee.

Mr. JUSTICE MAXWELL, delivered the opinion of the court:

This is a direct appeal by the plaintiff, George William Harwood, from a judgment of the circuit court of Sangamon County sustaining a motion for summary judgment filed by the defendant, Amy Gladys Harwood, in an ejectment proceeding brought by plaintiff in that court.

The plaintiff's amended complaint alleges that plaintiff purchased certain real estate by contract, was the owner of said real estate on December 1, 1946, at which time the defendant went into possession of said premises; that defendant has since unlawfully held possession thereof and refuses to surrender possession although demands and notices have been given to defendant to return said property to the plaintiff; that the rental value of the property is $80 per month, that defendant has paid on the contract $30 per month and refuses to pay anything to the plaintiff and refuses to give possession to the plaintiff, and plaintiff has sustained damages in the sum of $2700. The purchase contract, attached to plaintiff's original complaint, so far as material here, grants to the purchaser, for a period of

en years, all interest of the owner in certain real estate, for a rental of $32.50 per month; and provides for surrender of possession by the grantee in case of default or at the expiration of the term. The contract further provides that the grantee shall have an option to purchase the property during the term for a stated sum, rental payments made to be credited on the purchase price after deducting interest on the amount of the purchase price, and provides for a conveyance when the option is consummated or a termination of the option at the expiration of the term of the lease. The contract was dated March 20, 1939.

The defendant filed a motion to dismiss and a motion for summary judgment. In both she relies upon a decree of the circuit court of Sangamon County entered October 15, 1946, in a divorce proceeding wherein she was plaintiff and the plaintiff here was defendant. That decree found that these parties were married March 2, 1929, and separated December 25, 1944; that two children, then 14 and 12 years old, were born of the marriage; that the defendant (plaintiff here) had been guilty of adultery and desertion; that he had contributed nothing to the support of his family since December, 1944; that plaintiff had used all her savings to support herself and her children; that defendant had taken an attitude that he would not support his family and had left the State to defeat the payment of any alimony or support money which might be required of him. The decree further found that both parties had entered into the lease and purchase agreement of the property here involved, that the wife had made practically all the payments thereon, that there was a balance due of $2900 on the original purchase price of $3750, and that because of the payments by the wife and the special circumstances regarding the family's support, it is equitable that the husband be decreed to have no interest in the property and that the wife be allowed to exercise the option to purchase and take title in her own name, with no interest in the husband.

A decree was entered in accordance with these findings and the wife was ordered to pay the balance due on the property and take title in her own name. The decree further provided for the husband to pay $50 per month for the support of his wife and children. The property in question was occupied by the defendant and her children as their residence.

No appeal was taken from this decree. Subsequently, after paying a part of the support money, the plaintiff here was adjudged in contempt for failure to pay and was sentenced to the county jail. He appealed this contempt proceeding, challenging the jurisdiction of the court to enter the original decree. The Appellate Court, Third District, upheld the jurisdiction of the trial court to enter the decree, affirmed the order of contempt but refused to consider the court's order in regard to the property because the decree had been entered more than two years prior to the appeal and a proper record on this matter was not before the court. (*Harwood* v. *Harwood,* 340 Ill. App. 26.)    Petition for leave to appeal from that decision to this court was denied September 18, 1950.

The affidavit in support of defendant's motion for summary judgment also set forth, *in haec verba,* sworn testimony of the plaintiff taken in the contempt proceedings wherein he admitted that he did nothing in regard to paying the rentals or exercising the option to purchase after 1946. The plaintiff filed a pleading in answer to defendant's motion designated a "Motion, Answer and Replication" in which he challenged the legal sufficiency of defendant's motion and the jurisdiction of the court in the divorce proceeding to enter the decree therein, but this pleading failed to deny any of the evidentiary facts set out in defendant's affidavit.

The trial court, on motion of defendant, ordered this pleading of plaintiff stricken, allowed defendant's motion for summary judgment and entered judgment in favor of

the defendant and against the plaintiff on plaintiff's complaint in ejectment and for damages.

There is no more legal merit in plaintiff's claim than there is moral justification in his attempt to assert it. This suit is either an inexcusable attempt to relitigate a matter already finally determined or is a wilful harassment of his family by the plaintiff.

It is elementary that only legal titles are involved in ejectment and the plaintiff must recover upon the strength of his own title and not on the weakness of the title of the defendant. *Hooper* v. *Goldstein*, 336 Ill. 125; *Stafford* v. *Woods*, 144 Ill. 203; *Walton* v. *Malcolm*, 264 Ill. 389; *Hayden* v. *McCloskey*, 161 Ill. 351.

The plaintiff's complaint shows on its face that he has no legal title to support an ejectment action. His complaint is based upon a lease and option to purchase. There is no allegation that he has either complied with the terms of the lease or exercised the option. An option to purchase real estate conveys no legal title to the purchaser. *Bostwick* v. *Hess*, 80 Ill. 138.

The court in the divorce proceeding had jurisdiction of the defendant by personal service of summons and had jurisdiction of the subject matter. It is well settled in this State that where special circumstances exist a court of equity may, in a divorce proceeding, divest the defendant husband of his interest in real estate and award it to the wife. *Lipe* v. *Lipe*, 327 Ill. 39; *Meighen* v. *Meighen*, 307 Ill. 306; *Davidson* v. *Dingeldine*, 295 Ill. 367.) A decree of a court of equity awarding real estate to the wife in divorce proceedings is binding and conclusive in all subsequent proceedings. (*Murphy* v. *Murphy*, 343 Ill. 234.) The plaintiff's attempted ejectment suit is a collateral attack upon a decree valid and binding upon him and it cannot be sustained.

Plaintiff's contention that the court in the divorce proceedings had no jurisdiction or authority to enter the decree

awarding his interest in the real estate to his wife is based upon his misinterpretation of the decree. It is true the decree, of itself, cannot formally vest title in the wife (*Lipe* v. *Lipe,* 327 Ill. 39,) but the decree here does not attempt to vest title. It divests plaintiff of his interest in the contract, awards that interest to the defendant, and authorizes her to complete the purchase. Title is vested in her by the deed she procures from the owner of the property and not by the decree.

Defendant's motion for summary judgment was procedurally correct, (Rev. Stat. 1951, chap. 100, par. 181,) it was sufficiently supported by affidavit of facts, no issues of fact were raised in answer thereto, and the judgment of the trial court was correct and it is affirmed.

*Judgment affirmed.*