(No. 36966.— ▮▮▮▮)

TRUSTEES OF SCHOOLS OF TOWNSHIP 42, FOR THE USE OF THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 57, Appellee, *vs.* GERALD A. SCHROEDER *et al.*, Appellants.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

WALTER AND PECYNA, ROBERT A. SPRECHER, EDWARD W. BARRETT, and LEN YOUNG SMITH, all of Chicago, for appellants.

ALBERT E. JENNER, JR., and ALBERT J. HORRELL, both of Chicago, (THOMPSON, RAYMOND, MAYER & JENNER, HORRELL & BORDE, PHILIP W. TONE, and WILLIAM B. DAVENPORT, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The question presented by this appeal is whether a school district governed by article 7 of the School Code, (Ill. Rev. Stat. 1959, chap. 122, pars. 7—1 to 7—23,) is prohibited from taking land by eminent domain within 40 rods of the owners' dwelling.

The issue was raised by a traverse to the petition on the theory that the property was exempt from condemnation. Review was sought on a previous appeal of this cause, but was denied on the ground that it is not permissible in an appeal from an order granting a new trial. (23 Ill.2d 74.) The cause is again brought here by the respondents following a judgment upon the verdict for $267,083.33.

Article 7 school districts (those having from 1000 to

500,000 inhabitants) are given the specific power to condemn by section 7—17 without any distance limitation. Additionally, they are included in the general grant of eminent domain power to school districts in article 14 of the Code (section 14—7,) again without restriction as to distance from the owner's dwelling.

Despite the plain and unambiguous language used, respondents argue that the power of article 7 districts is qualified by section 7—14 of the Code, which reads: "The board of education has all the powers of school directors as set forth in Article 6, is subject to the same limitations, and in addition thereto has the powers enumerated in the subsequent sections of this Article." This is a strained interpretation. Article 6 of the Code, (Ill. Rev. Stat. 1959, chap. 122, pars. 6—1 to 6—62,) does not contain a separate grant of eminent domain power, limited or otherwise. Thus, article 7 districts are not dependent upon article 6 for eminent domain power.

Districts operating under article 6 (those having a population of fewer than 1000) are entirely dependent upon the general power contained in section 14—7 which limits them, and only them, in the following language: "* * * But no tract of land outside the limits of any incorporated city or village and within 40 rods of the dwelling of the owner of the land shall be taken by the board of directors, created in Article 6, without the owners consent; * * *." It seems obvious that if the General Assembly intended that the "40 rods" limitation should apply to article 7 districts, it would have so stated in section 14—7 rather than use the oblique method suggested by respondents.

The legislative purpose in enacting section 7—14 seems apparent. The specific powers of boards of school directors referred to in section 6—33 are 29 in number, while those of boards of education following section 7—14 total only 9. Many in article 6 are applicable to both types of district.

The inclusion by reference of the article 6 powers in article 7 avoids needless repetition. We see no legislative intent in section 7—14 that the specific provisions of the Code for the exercise of the power of eminent domain by article 7 school districts be curtailed by the limitation on article 6 districts, and hold that the "40 rods" restriction does not apply to article 7 districts.

By reason of our holding, it is unnecessary to consider the contention that the "40 rods" limitation does not apply where the entire tract, including the owner's dwelling, is taken.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*