THE PEOPLE *ex rel.* Clark White *et al.,* Appellants, *vs.* J. C. BUSENHART *et al.,* Appellees.—(Trustees of Schools of Township No. 42, Appellees, vs. Gerald A. Schroeder *et al.,* Appellants.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

ALFRED M. LOESER and STEPHEN LEE, both of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) and ALBERT E. JENNER, JR., PHILIP W. TONE, ALBERT J. HORRELL and A. HOWARD BORDE, all of Chicago, (THOMPSON, RAYMOND, MAYER & JENNER, and HORRELL & BORDE, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by defendants, Gerald A. and Clara Johnson Schroeder, from certain orders entered in an eminent domain action, and an appeal by the Schroeders and others from an order denying their petition for leave to file a taxpayer's complaint for injunction against the condemnor school authorities. The appeals were consolidated by this court.

The litigation had its inception in the filing of condemnation proceedings by Township School Trustees for the use and benefit of School District No. 57, Cook County, Illinois, and is before this court the third time. The Schroeders' traverse was denied, the cause was heard and the jury returned a verdict of $267,083.33. The Trustees' motion for a new trial was allowed and, after granting leave to appeal, we reversed the order granting a new trial and remanded for entry of a judgment upon the verdict, but refused to review the ruling on the traverse. *Trustees of Schools* v. *Schroeder,* 23 Ill.2d 74.

On October 18, 1961, the trial court, in accordance with

our mandate, entered judgment for the amount of the verdict and costs, and on October 23, 1961, entered a further order finding that the judgment award had been paid to the county treasurer and that fee-simple title was vested in the Trustees, and empowered the Trustees to take possession of the condemned tract. The Schroeders' notice of appeal when the cause came up the second time stated that the appeal was not only from the latter two orders, which found fee-simple title in the Trustees, but also from the earlier order denying the traverse. However, the only issue there presented and argued was that the traverse should have been sustained on the ground that their land could not be taken because it was protected by the prohibition against taking property by eminent domain within 40 rods of an owner's dwelling. That issue was passed upon adversely to the Schroeders and the judgment of the trial court was affirmed. (*Trustees of Schools* v. *Schroeder,* 25 Ill.2d 289.) While a petition for rehearing was pending on the second appeal the Schroeders' present counsel entered the case and filed a motion asking leave to file an additional petition for rehearing and for a stay order, which was denied by this court. They also filed various pleadings in the trial court, the essence of which were to vacate the judgment of October 18, 1961, and the order for possession dated October 23, 1961, to quash a writ of possession theretofore issued and to contest the issuance of a supplemental writ of possession prayed by petitioners.

On October 4, 1962, following the filing of our mandate in the second appeal (25 Ill.2d 289), the trial court entered orders directing the issuance of a supplemental writ of possession commanding the eviction of the Schroeders and the removal of their personal belongings from the property, restraining them from interfering with the condemnor's use of the property, dismissing a pending contempt proceeding against them and denying all

other pending petitions and motions not specifically allowed or denied. This third appeal is from those orders.

In the eminent domain feature of this appeal the Schroeders seek to raise the following issues: (1) That the court had no "jurisdiction" to enter judgment for the taking of a fee-simple title; (2) that the property is exempt from condemnation because of its location within 40 rods of the owners' dwelling; (3) that the ordinance (resolution) authorizing condemnation was void for lack of a quorum at the time of its passage; (4) that there was abandonment of the project by failure to pay the award within 150 days of October 27, 1960, as directed; and (5) that the appeal bond was void.

All of these points could have been raised in the second appeal, in fact (2) above was conclusively adjudicated against the Schroeders, and they are now barred. The rule has long been recognized that no point which was raised, or could have been raised in a prior appeal on the merits, can be urged on a subsequent appeal, and those not raised are considered as waived. (*Semple* v. *Anderson,* 4 Gilm. 546; *Union Mutual Life Ins. Co.* v. *Kirchoff,* 149 Ill. 536; *Jackson* v. *Glos,* 249 Ill. 388.) "Where an order or decree is reversed and the cause is remanded by this court, with specific directions as to the action to be taken by the trial court, the only question properly presented on appeal is whether the order or decree is in accordance with the mandate and directions of this court." (*People* v. *National Builders Bank of Chicago,* 12 Ill.2d 473, 476-477.) Despite the rule, the prayer of the petition for the taking of a fee-simple title, and the failure to even include the question in the traverse, the Schroeders contend that it goes to the jurisdiction of the court and can be raised either directly or collaterally. In *Chicago Housing Authority* v. *Berkson,* 415 Ill. 159, the right of the condemnor to acquire property by eminent domain was questioned and alleged to be jurisdictional. It was there said, at pages

161 and 162: "* * * (T)he objection was waived by failure to raise it at the appropriate time. The objection goes only to the right of the condemnor to acquire property by eminent domain. It does not effect the general jurisdiction of the court over the subject matter of an eminent domain action." There, the condemnor's right to acquire by eminent domain was attacked, while here only the extent of the estate to be taken is alleged to be grounds for going behind the judgment. We are of the opinion that the fee-simple-title question is barred. The assertion of abandonment is without merit. The time limitation of 150 days commences when the amount of the award has been finally determined. (*County Bd. of School Trustees* v. *Boram,* 26 Ill.2d 167.) Here the amount of compensation·was not finally determined until our judgment on the first appeal was entered and the mandate issued. Rehearing was denied September 25, 1961. Judgment in accordance with the mandate was entered October 18, 1961, and the amount of the award was deposited the same day. Obviously the deposit was timely made.

The trial court's rulings were correct and the supplemental writ of possession in favor of the school authorities was properly authorized to issue.

We now turn to the appeal in the taxpayers action. A petition was filed by the Schroeders and 12 other taxpayers, residents of the school district, while the second appeal in the condemnation action was pending on rehearing, for leave to file a taxpayer's complaint for injunction. Objections to the petition were filed by respondent Noble J. Puffer, Superintendent of Schools of Cook County, and separate objections were filed by a number of other respondents to both the petition and the tendered complaint. After due proof of notice, the cause was heard on the petition, the proposed complaint and the objections, and the trial court entered its order denying leave to file the complaint.

The petition for leave is provided for in the statute regulating suits to restrain and enjoin the disbursement of public monies. (Ill. Rev. Stat. 1961, chap. 102, pars. 11 to 16.) Section 4 (par. 14) provides in part: "Upon such hearing, if the court or the judge thereof shall be satisfied that there is reasonable ground for the filing of such suit in equity, the court or judge may grant the petition and order the complaint to be filed and process to issue." Under this section it is also within the court's discretion to grant leave to file a complaint as to certain portions of the proposed disbursement or to deny leave entirely.

One of the purposes of the act was to provide a check upon the indiscriminate filing of taxpayers' suits. (*Hill* v. *County of La Salle,* 326 Ill. 508, 515.) It has been held that in the exercise of discretion under the statute in a taxpayer's action, the facts well pleaded in the petition and complaint must be considered as true. (*Lund* v. *Horner,* 375 Ill. 303; *Daly* v. *County of Madison,* 378 Ill. 357; *Greenfield* v. *Russel,* 292 Ill. 392; *Barco Manufacturing Co.* v. *Wright,* 10 Ill.2d 157.) A review of the exercise of the trial court's discretion must be made to ascertain whether there was justification for the finding that no reasonable ground existed for the filing of a complaint in equity, based upon the well pleaded facts in the complaint and the applicable law. Since the problem involves ascertaining whether the complaint states a cause of action and all points raised in the petition are elaborated upon therein, reference will be made to the complaint, as amended, rather than the petition.

The complaint originally consisted of 24 numbered paragraphs and four were added by amendment. Since in some instances several relate to the same general propositions, we have divided them into categories in the interest of brevity. Several are formal allegations and need no discussion. Nine paragraphs deal with eminent domain, and the propriety of the taking or the question of the right of

school authorities to use the land, and will be considered first.

The petitioners again sought to raise in the complaint the points urged in the eminent domain case. They go so far as to allege unequivocally that title was vested in the Schroeders despite the records of the court showing the judgment which we affirmed in the second appeal. (25 Ill.2d 289.) That judgment is not subject to collateral attack since the court had jurisdiction of the subject matter and the parties. (*Chicago and Western Indiana Railroad Co.* v. *Alquist,* 415 Ill. 537; *Chicago and Alton Railroad Co.* v. *Springfield and Northwestern Railroad Co.* 67 Ill. 142.) Consequently, these points were improperly pleaded inasmuch as they constitute a collateral attack upon the judgment of the court vesting title in the School Trustees.

Six paragraphs of the proposed complaint allege violations of the school law with either no specific citation or an erroneous citation, and fail to comply with our Rule 13(1). (Ill. Rev. Stat. 1961, chap. 110, par. 101.13.) Four of these deal with alleged illegal appropriations for building purposes and one alleges failure to hold an election upon the question of erection of a building for school purposes. The sixth (par. 13) and another (par. 18a) complain that there was no publication for bids for construction and no award to the lowest competitive bidder under "the school law". As pointed out in *Smith* v. *Board of Education,* 405 Ill. 143, the legislature has not enacted legislation on the subject and has left the method of letting contracts to the discretion of the school boards. This charge is made in vague language and no fraud is alleged. Other allegations are that contractors have and will receive money and that the payments to them are unlawful and void and that "said Trustees have made secret and hidden agreements, arrangements and had understandings with the contractors which were not made known." Still another states that there was fraud in the passage of the resolution (ap-

parently referring to the resolution authorizing condemnation), and that petitioners are informed and believe that private arrangements were made with the park district to sell some of the 17.87 acres taken. These several allegations are indefinite, are largely the conclusions of the pleader, and are of such gossamer material as to make it impossible for the trial court to weave a fabric of reasonable grounds to support a taxpayers' suit from them.

Section 1 of an act placing a limitation on indebtedness, (Ill. Rev. Stat. 1961, chap. 113, par. 44) is cited as authority for the statement that school districts having a population of less than 300,000 are subject to a debt limitation of 2½% of assessed valuation. This overlooks section 1.2 of the act (par. 44.2) providing that the limitation of section 1 shall not apply to indebtedness incurred for acquiring sites or constructing, improving or equipping school buildings. In their reply brief petitioners seek to assert the unconstitutionality of section 1.2. It was not raised in the complaint, nor passed upon by the trial court, and cannot be presented for the first time on review. (*Ray* v. *City of Chicago*, 19 Ill.2d 593.) The same rule is applicable with respect to the contention, made for the first time here, that the ballot limited the amounts expendable for site and buildings. See also *Benson* v. *Isaacs*, 22 Ill.2d 606.

Finally, the assertion that the indebtedness of the district violates the 5% debt limitation provided in section 12 of article IX of the Illinois constitution not only fails to be well pleaded but is patently in error. It is charged in general terms that the school authorities "deliberately and intentionally created an indebtedness greatly in excess of that permitted by the constitutional provision." Petitioners then plead the following figures: assessed valuation $3,686,121, constitutional limitation $73,722,472 and indebtedness $3,708,000 "making a total of $74,160,000, or the said Trustees have passed to [sic] constitutional limi-

tation by $437,580." The constitutional limit as thus pleaded is more than 20 times the alleged assessed valuation.

In connection with the last point some interesting questions arise. The rule that well pleaded facts must be considered as true undoubtedly sprung from a similar rule, long recognized, which prevails upon the filing of a motion in the nature of a demurrer. But, the statute in a taxpayers' suit contains no provision for pleadings, such as motions, or objections.

What then was the effect of the objections here filed, and what part, if any, do they play in helping the court exercise its discretion? Are they only for the guidance of the court in detecting defects in the petition and complaint, or should their well pleaded facts (such as the certificates of indebtedness and assessed valuation attached to the objections in connection with the charge that the district has exceeded its bonding limit) be also considered? There seems to be a dearth of authority in this jurisdiction on the question, but it seems to us that the court should not have to blind itself to anything other than the petition and the complaint which is sought to be filed.

We reserve that problem generally until such time as it may be squarely presented. However, in the face of the obvious inconsistencies of the figures in the complaint we are of the opinion that we are justified in examining the certificates to ascertain the facts. The county clerk's figures are: total indebtedness $3,140,000, and total assessed valuation $69,988,942. Five per cent of the latter places the indebtedness within the constitutional limitation. Petitioners do not seriously question the accuracy of the stated amounts but argue that a suit is pending relative to the assessment of railroad property. The simple answer is that the constitution provides that the value of taxable property "be ascertained by the last assessment for state and county taxes, previous to the incurring of such

indebtedness." This obviously does not contemplate deductions where litigation is pending or threatened. A contrary view would only make for instability. References to debts which may be incurred in connection with this land taking and school construction are too vague to merit serious attention.

In summary, those questions which were raised or could have been raised by traverse in the eminent domain proceeding are *res judicata* and cannot again be litigated. In the taxpayers' action many of the alleged facts were pleaded in vague terms and were conclusions of the pleader. Statutes asserted to be violated were in some instances not cited, others were nonexistent and still others inapplicable to the point raised. For the reasons assigned we are of the opinion that the trial judge was entirely justified in finding the petition insufficient to support the filing of the proposed complaint. We find no error in the trial court's rulings.

The orders of the circuit court of Cook County in this consolidated appeal are, accordingly, affirmed.

*Orders affirmed.*