**Gerald A. SCHROEDER and Clara Johnson Schroeder, Plaintiffs-Appellants,**

v.

**STATE OF ILLINOIS, Bernard J. Korzen, County Treasurer of Cook County, Trustees of Schools of Township 42 North, Range 11, East of the Third Principal Meridian, Cook County, Illinois, for the use and benefit of Board of Education, School District 57, Cook County, Illinois, Wilbert J. J. Wahler and Daniel W. Pecyna, Defendants-Appellees.**

**No. 14920.**

United States Court of Appeals Seventh Circuit.

Nov. 2, 1965.

Rehearing Denied Feb. 7, 1966.

Alfred M. Loeser, Stephen Lee, Chicago, Ill., for appellants.

Albert J. Horrell, A. Howard Borde, Albert E. Jenner, Jr., Philip W. Tone, Donald R. Harris, Chicago, Ill., for defendants-appellees Trustees of Schools and Board of Education. Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel.

Daniel P. Ward, Ronald Butler, Chicago, Ill., for Bernard J. Korzen.

Daniel W. Pecyna, Wilbert J. Wahler, Chicago, Ill., pro se., William G. Clark, Attorney General of the State of Illinois, Chicago, Ill., for appellee State of Illinois. Richard A. Michael, John J. O'Toole, Asst. Attys. Gen., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This suit invoked the district court's jurisdiction under 28 U.S.C. § 1331 and § 1343(3)[1] for declaratory judgment and injunctive relief based on alleged violation of the Reconstruction era Civil Rights Act, presently sections 1981 to 1985 of Title 42, United States Code. The district court dismissed for want of jurisdiction. We affirm.

Plaintiffs, Gerald and Clara Schroeder, were owners of 17.78 acres of land in Mount Prospect, Illinois, in November, 1959, when defendant-Trustees filed suit in the Circuit Court of Cook County to condemn the property for school purposes. A jury's verdict awarded the Schroeders $267,083.33, and judgment was entered on the verdict. The Circuit Court ordered a new trial, but this order was reversed on appeal. Trustees of Schools, v. Schroeder, 23 Ill.2d 74, 177 N.E.2d 178 (1961). On remand the Circuit Court entered judgment in the amount of the jury's verdict, plus interest and costs, for a total of $280,956.10,

and ordered that upon payment or deposit of that sum with the Cook County Treasurer, fee simple title would vest in the Trustees. The sum being deposited, the court declared fee simple title to be in the Trustees and authorized them to take possession. An appeal from this judgment resulted in affirmance, Trustees of Schools v. Schroeder, 25 Ill.2d 289, 184 N.E.2d 872 (1962), and rehearing was denied.

Schroeders then filed in the Circuit Court motions to vacate the judgment vesting title in the Trustees, and Schroeders and others moved for leave to file a taxpayers' suit to enjoin execution on the condemnation judgment. The motions were denied and the Illinois Supreme Court affirmed these rulings. People ex rel. White v. Busenhart, 29 Ill. 2d 156, 193 N.E.2d 850 (1963). Rehearing was denied and no petition for certiorari to the United States Supreme Court was filed. The suit before us followed.

We see no necessity of discussing sections 1981 and 1982 of Title 42, which are plainly designed to implement the fourteenth amendment by providing equal rights for negroes. Agnew v. City of Compton, 239 F.2d 226, 230 (9th Cir. 1956). This case rests upon allegations of individual violations of section 1983[2] and conspiratorial violations of section 1985(2).[3]

---

1. 28 U.S.C. § 1331 provides for federal question jurisdiction.
   28 U.S.C. § 1343(3):
   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
   *    *    *    *    *
   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; * * *.

2. 42 U.S.C. § 1983:
   Every person who, under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. 42 U.S.C. § 1985(2):
   If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so

The complaint alleges that the defendant-Trustees and their attorneys conspired, at the hearing upon the motion to vacate the condemnation judgment, to deprive Schroeders of their "rights and privileges" and due process in violation of section 1985(2). The only facts alleged to support the general allegations are that plaintiffs, by virtue of the conspiracy, were deprived of their "right to present evidence consisting of oral testimony, exhibits and written documents" in support of their petition in the Circuit Court to vacate the judgment entered against them. It appears from the record that the Circuit Court denied them this "right" after the Illinois Supreme Court in the second appeal, opinion at 25 Ill.2d 289, 184 N.E.2d 872, had affirmed the very judgment the petitioners sought to have the Circuit Court vacate. There is no allegation of conspiracy to interfere with or injure any Schroeder witness; none of deprivation of equal protection of the law; and none that these defendants were acting under color of state law. Thus no claim was presented under 42 U.S.C. § 1985(2) and 28 U.S.C. § 1343(3) upon which jurisdiction could be based, and no federal question arises under the fourteenth amendment to confer § 1331 jurisdiction.

Most of the complaint is devoted to the claim that the Schroeders were deprived of their fee title without due process because the Circuit Court at the trial ordered that the Trustees acquired a fee simple title in Schroeders' property, and the Illinois Supreme Court affirmed the order, all allegedly without authority in law. They allege that Illinois statutory and decisional law limited the authority of the courts, on the facts of the condemnation case, to transferring of an easement for school purposes, leaving Schroe-ders a reversionary interest. The claim is that the Illinois court decisions in this case deprived them of due process under the fifth and fourteenth amendments, and that if execution upon the condemnation judgment is made and if defendants are permitted to take and hold possession of the fee title Schroeders will further be denied due process.

The relief sought is a declaration that the Illinois court decisions, in proceedings at trial and on review, are void even though the courts had jurisdiction of the subject matter and parties. These allegations, even if true, do not present either a ground for a federal question jurisdiction under 28 U.S.C. § 1331, since the state court admittedly had jurisdiction over the parties and the subject matter, Chance v. County Board of School Trustees, 332 F.2d 971, 974 (7th Cir. 1964); or a ground upon which to obtain review of the state court proceedings by a federal district court under 28 U.S.C.A. § 1343 through invocation of 42 U.S.C. § 1983, Goss v. State of Illinois, 312 F.2d 257, 259 (7th Cir. 1963). Schroeders attempt "to thwart" the final state court judgments by relitigating in a trial *de novo* the very issues which were, or should have been, raised in the state courts concerning state law, and upon which certiorari to the United States Supreme Court might have been sought. To paraphrase what was said in Goss about permitting such "appellate procedure," if it were done many state court judgments would be faced with chaos and unenforceability. 312 F.2d at 259. Thus there is also no independent ground for jurisdiction to enter a declaratory judgment under 28 U.S.C. § 2201.

The injunctive relief sought against state officials from enforcing the condemnation judgment, and against the

---

attended or testified, or to influence the verdict, presentment, or indictment * * * ; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State * * * , with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; * * * .

We presume Schroeders are relying on § 1985(2) in this respect since it is clear that § 1985(1) and (3) have no application to their suit.

Trustees from taking possession under their fee title, presupposes a declaration that the decisions of the Illinois judges in the Schroeder condemnation case are void. The same is true of the relief sought against defendant Korzen, County Treasurer, custodian of the funds due Schroeders. And no allegation of any violation of Schroeders' civil rights is made against defendants Wahler and Pecyna, their former attorneys.

For the reasons given, the judgment is affirmed.