**Gerald A. Schroeder, et al., Plaintiffs-Appellants and Cross-Appellees, v. J. C. Busenhart, et al., Defendants-Appellees and Cross-Appellants.**

**Gen. No. 49,983.**

First District, Fourth Division.

March 10, 1967.

Rehearing denied April 14, 1967.

McCoy, Ming & Black, William R. Ming, Jr., Helen I. Cohen, John J. Hoellen, Alfred M. Loeser and Stephen Lee, of Chicago, for appellants.

Albert E. Jenner, Jr., Philip W. Tone, Donald R. Harris and Albert J. Horrel, of Chicago (Raymond, Mayer, Jenner & Block, of counsel), for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This appeal is from a summary judgment in favor of some fifty defendants alleged in the complaint to have participated in an unlawful conspiracy to deprive plaintiffs of their fruit and vegetable business which had been conducted on plaintiffs' land before it was taken for school purposes through condemnation proceedings. The complaint also alleged separate wrongful acts by individual defendants, and, as to these allegations, the complaint was dismissed without prejudice to plaintiffs' right to institute separate suits against the individual defendants. Defendants have filed a cross appeal from that portion of the order which denied their motion to

tax against plaintiffs certain of defendants' expenses and attorney's fees.

On November 6, 1959, proceedings were brought by Township School Trustees to have the land of the Schroeders (plaintiffs in the instant case) condemned for the use and benefit of School District No. 57, Cook County, Illinois. The Schroeders filed a traverse, which, as amended, denied that the School District intended to take the property for public purposes. After the traverse was overruled, the case was tried before a jury which returned a verdict awarding the Schroeders $267,083.33. A motion for a new trial by the School Trustees was granted. On appeal by the Schroeders, the Supreme Court reversed and remanded with directions to enter judgment on the verdict, but refused to review the ruling on the traverse. Trustees of Schools of Township No. 42, Board of Education of School Dist. No. 57, Cook County v. Schroeder, 23 Ill2d 74, 177 NE2d 178. Pursuant to this mandate the Circuit Court set aside its order granting a new trial, and entered judgment for the amount of the verdict and costs. On October 23, 1961, an order was entered finding that the judgment award had been satisfied by payment to the County Treasurer for the benefit of the Schroeders, and that the School Trustees had thereupon become vested with the fee simple title to the land and the right to enter thereon and take possession. Pursuant to another order of the Circuit Court directed to the Sheriff, the Schroeders and most of their personal property were removed from the condemned premises and the School Trustees were put in possession of the property on December 13, 1961. The Schroeders appealed from the order vesting title to the property in the School Trustees on the ground that the particular school district involved could not take land by eminent domain within 40 rods of the owners' dwelling. This appeal was also decided adversely to the Schroeders. Trustees of Schools of Township No. 42, Board of Educa-

tion of School Dist. No. 57, Cook County v. Schroeder, 25 Ill2d 289, 184 NE2d 872.

Immediately following the decision in this second appeal, the Schroeders obtained new counsel, who filed motions in the Supreme Court for leave to file their additional appearances on behalf of the Schroeders, for leave to file an additional petition for rehearing, and for an order restraining any construction on the property. These motions were all denied by the Supreme Court on September 12, 1962.

Meanwhile, the Schroeders themselves were not idle. They allegedly reentered the premises and took possession of the condemned property during the 1962 Labor Day weekend. The School Trustees, on September 4, 1962, filed a petition for a supplemental writ of possession to remove the Schroeders and to restrain them from further interfering with the rightful possession of the School Trustees. The answer of the Schroeders to this petition denied that the Schroeders had retaken possession of the property, and further charged:

> 4. These Respondents further say that there is great and intense feeling against the graft, corruption and debauchery as shown by the attempted taking of this large tract of land for just an elementary school, the large contractors [sic] entered into and the eagerness and avidity with which the consummation of contracts is sought, the People of Mt. Prospect are up in arms against this project and are going to great lengths because they do not wish to see their tax monies dissipated with the result that things are done and Respondents blamed therefor.

The above charge was stricken as scurrilous by the Circuit Court on its own motion. An Assistant State's Attorney investigating the charge interviewed the Schroeders and Alfred Loeser, one of their new attorneys, and

435

reported to the court that the Schroeders had no foundation for the charge.

The Schroeders' new counsel also filed several other documents in the Circuit Court. On August 16, 1962, they filed a paper charging that the School Trustees had abandoned their petition to condemn because the compensation required to be paid by the original judgment order entered October 27, 1960, was not paid within 150 days of the entry of that order. In addition, a motion was filed charging that there were several defects in the condemnation proceedings and seeking to restrain the School Trustees from dealing with the condemned property. On September 25, 1962, the Schroeders filed another petition in the Circuit Court in which they charged that the court had no authority to enter an order evicting them from the property and no authority to vest title in the School Trustees.

On October 4, 1962, the Circuit Court granted the order prayed for in the September 4, 1962, petition of the School Trustees, and denied the various motions and petitions of the Schroeders. The Schroeders thereupon filed notice of appeal and on November 2, 1962, again requested the Circuit Court to restrain the School Trustees from dealing with the condemned land until after the decision of the new appeal to the Supreme Court. This petition was denied by the Circuit Court.

In a wholly separate action commenced prior to the denial of the petition for rehearing on the second appeal, the new counsel for the Schroeders, on their behalf and on behalf of various other alleged taxpayers in the School District, filed a petition in the Circuit Court (under Ill Rev Stats 1961, c 102, §§ 11–16) for leave to file a taxpayers' complaint to enjoin the Board of Education from expending public funds for construction of a school on the condemned property. Leave to file this taxpayers' complaint was denied by the Circuit Court, and the Schroeders again appealed.

436

The Supreme Court, over objection of the Schroeders, consolidated these two last-mentioned appeals and again ruled against the Schroeders' contentions. Matters raised in regard to the condemnation suit were held to have been conclusively adjudicated in an earlier appeal, while some of the matters raised in the taxpayers' complaint were held to have been improperly pleaded because they constituted a collateral attack on a final judgment. Other matters raised in the taxpayers' complaint were said to be conclusions of the pleader or of too indefinite a nature to constitute reasonable grounds upon which to predicate a taxpayers' suit. Both rulings of the Circuit Court were therefore affirmed in an opinion filed September 27, 1963. People ex rel. White v. Busenhart, 29 Ill2d 156, 193 NE2d 850.

The Schroeders next instituted suit in the United States District Court on January 20, 1964, against the School Trustees and the Board of Education, among others, in which they sought to have the various proceedings, judgments and orders of the Illinois courts declared null and void. The complaint was dismissed with prejudice for want of jurisdiction, and the Court of Appeals affirmed on the ground that the suit was nothing more than an improper collateral attack on a valid judgment. Schroeder v. Illinois, 354 F2d 561 (7th Cir, 1965). Petition of the Schroeders for certiorari was denied (384 US 972).

Shortly before the Federal Court action was filed, the instant suit was commenced on December 11, 1963, generally charging a conspiracy and, in addition, charging numerous wrongful acts against various individual defendants. The conspiracy count charges that some fifty defendants, including certain School Trustees and Sheriff's deputies, on or about December 12, 1961, ". . . conspired together and formed deliberate design and purpose to ruin, oppress and impoverish these Plaintiffs and to destroy and damage their business also." The

437

complaint states that plaintiffs were the owners of the property in question on December 12, 1961, at which time the defendants caused the removal of plaintiffs and the destruction and removal of various pieces of plaintiffs' personal property from the premises pursuant to the conspiracy.

Plaintiffs' conspiracy theory is apparently based on the ground that the removal of their personal property from the condemned premises had never been litigated. But the question of ownership of the condemned property had been conclusively litigated, with the consequence that the conspiracy charge in plaintiffs' complaint is barred under the doctrine of res judicata.

■ The Illinois Supreme Court had finally adjudicated that the condemnation proceedings had been initiated for a valid public purpose and that fee simple title to the property resided in the School Trustees as of October 23, 1961. That was the date on which the Circuit Court issued an order directing the Sheriff to remove the Schroeders and their personal property from the condemned premises. This order was carried out at about the time plaintiffs allege that the conspiracy and various individual torts were committed by defendants. Plaintiffs are no longer in a position to argue that the school authorities were not put in possession of the condemned premises pursuant to a valid public purpose. That fact had already been established, and the condemnation proceeding was the only forum in which to determine the issue of whether the taking was for a bona fide public purpose. Deerfield Park Dist. v. Progress Development Corp., 22 Ill2d 132, 174 NE2d 850.

■ The time for the Schroeders to have advanced the accusation of a conspiracy to destroy their business was also in the condemnation proceeding, and such an allegation at this juncture again constitutes an improper collateral attack. Duffy v. Frankenberg, 144 Ill App 103. In Duffy, plaintiff instituted an action charging

that she was forced to pay money as a result of a default judgment allegedly obtained pursuant to a conspiracy. The court held that plaintiff's conspiracy action was barred while the judgment remained in effect, since the judgment had been entered by a court having full jurisdiction of the parties and the subject matter, and was therefore not subject to collateral attack.

 All that plaintiffs' conspiracy count alleges to have been done by defendants was done at the direction of the Circuit Court. Consequently, the court judicially knows that defendants' taking possession of plaintiffs' property could not have been pursuant to conspiracy, since it knows that the action had been taken pursuant to the adjudicated right of the school authorities to possession for a valid public purpose. As previously stated, the affirmance of the trial court's order by the Supreme Court conclusively makes applicable the doctrine of res judicata. Entry of summary judgment in this circumstance was therefore correct. Harwood v. Harwood, 412 Ill 131, 134–136, 105 NE2d 719; McKinney v. City of East St. Louis, 39 Ill App2d 137, 139, 188 NE2d 341.

 Similarly, that part of the complaint that charges individual acts of wrongdoing by various defendants does no more than outline conduct carried on to effectuate the Circuit Court's order that the school authorities be put in possession of the condemned premises. While plaintiffs may claim that certain defendants exceeded the bounds of the court order by their conduct, the individual charges of wrongful acts are insufficient because they are stated indefinitely and are largely in the nature of conclusions of the pleader. Richardson v. Eichhorn, 18 Ill App2d 273, 151 NE2d 819; Ill Rev Stats 1963, c 110, § 33(1). Moreover, because the conspiracy count fails on the ground of res judicata, the individual torts pleaded against various defendants are without adequate relation to each other for the purpose of being

joined in a single action. Opal v. Material Service Corp., 9 Ill App2d 433, 442–444, 133 NE2d 733. While the court could have granted plaintiffs leave to file an amended complaint in which to plead each individual tort in a separate count, the record does now show that plaintiffs requested permission to amend their complaint. In this circumstance we conclude that the court properly dismissed without prejudice the several individual tort claims.

Defendants contend that it was error for the trial court to deny their motion to tax against plaintiffs' certain expenses and attorney's fees made necessary because of the allegations in the complaint, (1) that defendants were members of a conspiracy to ruin the plaintiffs' business; (2) that the plaintiffs owned the condemned property after May 25, 1962, and (3) that the black surface soil on the property was converted by defendants. We must therefore decide whether any of these charges (all of which were, in effect, found by the trial court to have been untrue) justify the imposition of the sanctions authorized by section 41 of the Civil Practice Act. Ill Rev Stats 1963, c 110, § 41. That section provides:

> Untrue statements. Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial.

██ ██ On the date of filing the complaint none of the above allegations could have been upheld, because the Supreme Court had already determined that the school authorities, not the Schroeders, were the owners of the condemned property at the time in question. Trust-

ees of Schools of Township No. 42, Board of Education of School Dist. No. 57, Cook County v. Schroeder, 25 Ill2d 289, 184 NE2d 872. The history of this apparently unending litigation, as set forth in the record before us, contains abundant evidence that plaintiffs knew, or could reasonably be expected to have known, that they were foreclosed from relitigating the question of ownership of the condemned property and matters collateral thereto. While an unfounded claim of ownership might ordinarily not be the kind of statement covered by Section 41, it certainly becomes so after repeated judicial determination by the Supreme Court adverse to the claimant. And there is authority for the proposition that where, as here, a suit is dismissed on the ground of res judicata, the sanctions of section 41 will be imposed. Elston-Damen Currency Exchange, Inc. v. Sheon, 46 Ill App2d 218, 197 NE2d 143. We think that the record in this case affords ample justification for a finding that the above allegations of plaintiffs' complaint were untrue, were made without reasonable cause, and were made in bad faith. Consequently, that part of the trial court's order denying defendants' motion under section 41 to tax plaintiffs with pertinent expenses and reasonable attorney's fees is reversed, and the cause is remanded for a hearing to ascertain the amount thereof, and to tax the same accordingly.

Affirmed in part, reversed in part, and remanded with directions.

DRUCKER and McCORMICK, JJ., concur.