GERALD A. SCHROEDER et al., Plaintiffs-Appellants, v. J. C. BUSENHART et al., Defendants-Appellees—(LATTOF MOTOR SALES, INC., Defendant.)

(No. 54611;

First District—May 20, 1971.

Walter R. Stewart, of Champaign, for appellants.

Jenner & Block, and Albert J. Horrell, both of Chicago, (Philip W. Tone and Donald R. Harris, of counsel,) for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by plaintiffs from a judgment of $16,168.46 made to defendants for attorneys' fees and expenses pursuant to defendants' petition filed under Section 41 of the Civil Practice Act. A direct appeal was taken to the Illinois Supreme Court by plaintiffs. The Supreme Court directed that this court hear the appeal. On oral argument in this court, plaintiffs' counsel agreed that the constitutional issues raised by them in their briefs were foreclosed by the action of the Supreme Court in transferring the case to this court.

We affirm.

This case is yet another in this "apparently unending litigation." (*Schroeder v. Busenhart*, 80 Ill.App.2d 431, 441, 225 N.E.2d 702.) The

history of the litigation is discussed at great length at pages 434-8 of 80 Ill.App.2d, 431, and 703—5 of 225 N.E.2d 702. At that time this court decided, and it is *res judicata* in this appeal, that the plaintiffs had filed a suit without reasonable cause, not in good faith and untrue, so as to subject the plaintiffs to the provisions of Section 41 of the Civil Practice Act which states in its entirety:

> "Untrue statements. Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial. Ill. Rev. Stat. (1963) ch. 110, sec. 41."

Pursuant to the mandate of this Court, the matter was returned to the Circuit Court of Cook County for a hearing to determine the amount of attorneys' fees and expenses to be assessed against the plaintiffs.

The case was remanded back to the trial court, and the mandate was forwarded by the Clerk of the Appellate Court to the Clerk of the Circuit Court of Cook County on October 20, 1967.

The record is unclear as to what happened to that mandate, and a new mandate issued on March 13 and was filed with the Clerk of the Circuit Court on March 15, 1968. On April 3, 1968, the cause on motion of the defendants was reinstated and the matter assigned for hearing.

On April 24, 1968, leave was granted to defendants to file an amendment to their Section 41 petition to tax the expenses and attorneys' fees incurred by reason of the appeal. On September 18, 1968, the trial court allowed the then attorney for plaintiffs to withdraw, and set the hearing for October 15, 1968. The order further stated the hearing would "proceed whether or not plaintiffs herein have by that time retained counsel to represent them with respect to said hearing."

On October 15, 1968, the plaintiff's new counsel filed a verified motion for a continuance. This motion was denied. Plaintiffs' new counsel made an oral motion to strike the Section 41 amendment tendered by defendants in the trial court stating that the said amendment was a new complaint.

A review of the record discloses that plaintiffs' new attorney was consulted September 20, 1968, and retained to look into the case. On October 9, 1968, counsel rendered a report to plaintiffs. On October 13, 1968, he was retained to handle the case and appear at the hearing of October 15, 1968.

Between September 28, 1968, and October 14, 1968, plaintiffs were unable to give their new counsel a working file of the case. In the verified

motion for a continuance it was alleged that counsel wanted copies of all the pleadings filed after the return of the mandate. After a full hearing on the motion for a continuance, the judge denied the motion based on his order of September 18, 1968.

At the hearing on October 15 and 16, 1968, plaintiffs moved to strike the amendment of April 24, 1968, calling for taxing the expenses and attorneys' fees incurred on the appeal in addition to taxing the expenses and attorneys' fees incurred in the trial court. The trial court reserved ruling on that motion and proceeded to hear evidence on the issues. On November 22, 1968, judgment was entered for defendant taxing expenses and attorneys' fees to plaintiffs of $16,168.46.

Plaintiffs argue that the court arbitrarily abused its discretion in denying their motion for a continuance on October 15. Supreme Court Rule 231 (f) provides that "no motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." Ill. Rev. Stat. (1967) ch. 110A, sec. 231 (f).

The rules of the Circuit Court of Cook County state specifically that a continuance shall not be granted upon the ground of substitution of attorney. Rule 6.1 (b).

■■ Defendants are correct in their position when they assert that a request for a continuance made on the day a hearing was to start was not such an arbitrary act on the part of the trial court as counsel for plaintiffs was the third attorney in a four-month period to appear in this cause, and the trial court had advised all parties a month earlier that no further continuances would be granted. The harm which plaintiffs seek to prevent in the cases which they cite is the denial of an opportunity for effective representation by counsel. Here counsel distinguished himself by the vigorous and thorough manner in which he conducted plaintiffs' case. We do not believe that the court's action in denying further continuances in these circumstances in any way prejudiced the plaintiffs.

The plaintiffs further claim that the court improperly and arbitrarily entered a judgment against them without having disposed of their oral motion to strike the Section 41 amendment. The court at the time the motion was made reserved ruling thereon.

Plaintiffs also raise a question of lack of jurisdiction on the part of the trial court to allow an amendment to the Section 41 petition.

In *Standard Statistics Co. v. Davis* (1942), 317 Ill.App. 377, 45 N.E.2d 1005, the Appellate Court reversed where a motion had not been ruled upon. The court found that the motion was well taken and had to be granted. In the instant case it would have been better had the court ruled upon the oral motion. Indeed, *sub silentio* it was denied, and the

court treated it as if it had been denied and properly so. We do not see how the plaintiffs were prejudiced in any way. Moreover, defendants properly contend that in this case the plaintiffs never renewed their oral motion to strike the amendment, and thus waived it. *Trimmer v. Franklin Life Insurance Co.* (1943), 319 Ill.App. 520, 49 N.E.2d 642.

The next issue raised by plaintiffs is that the defendants did not ask for those expenses and attorneys' fees associated with perfecting the appeal reported in 80 Ill.App.2d 225 N.E.2d 702 until more than 30 days had elapsed after the mandate had issued from the Appellate Court. This contention is not well taken for the following reasons: (1) The objection was not timely raised; it was not raised at the time the amendment was filed, nor at any time until orally raised at the hearing October 15. (2) The 30-day period would run from the date of reinstatement, not the date the mandate issues. (See *Lind v. Spannuth* (1956), 8 Ill.App.2d 442, 131 N.E.2d 796.) In this instance the amendment was offered within 21 days after reinstatement of the case. (3) The 30-day rule does not apply where the case continues but only where jurisdiction ceases following a final judgment.

■■ Rule 41 is silent as to whether expenses and attorneys' fees on appeal may be taxed to a party. However, it is now clear that such expenses and attorneys' fees are properly taxed under Rule 41. In *Manchester Insurance and Indemnity Co. v. Strom* (1970), 122 Ill.App.2d 183, 258 N.E.2d 150, the court found that where the initial action was without any basis and in bad faith, that:

> "* * * the appeal is a needless extension of a baseless lawsuit. By this appeal, it appears that the plaintiff has remained stubbornly litigious and has caused the defendants and third parties additional unnecessary expenses for which they are entitled to reimbursement under the provisions of Section 41 of the Civil Practice Act.
>
> We believe that the amount of reasonable attorneys' fees incurred in connection with the appeal should be determined at a full hearing and that such determination should be made by the trial court, upon petition and answer or other appropriate pleadings, and after the evidence has been received on this issue." 122 Ill.App.2d at 190, 258 N.E.2d 155.

*Manchester* decided that reasonable attorneys' fees and expenses are included under the Section 41 penalty even through the Appellate proceedings. In the *Manchester* decision the Appellate Court stated that the amount of reasonable attorneys' fees should be determined at a full hearing and that such determination should be made by the trial court, upon petition and answer or other appropriate pleadings. Therefore, the ques-

tion raised by plaintiffs that the trial court lacked jurisdiction to allow an amendment to the Section 41 petition is not well taken.

■■ The plaintiffs contend that the trial court improperly assessed attorneys' fees and expenses incurred in connection with preparing the petition for intervention filed by the School Board. Many of the individual defendants had been sued because of their position as trustees of the School Board. We are not going to dissociate the action of the School Board from that of its members in this case. It was proper to file such a petition in attempting to defend the frivolous lawsuit brought by plaintiffs.

Plaintiffs ask that the award not include fees for more than one attorney as the language of Section 41 is in the singular. This assertion is in conflict with An Act to revise the law in relation to the construction of the statutes (Ill. Rev. Stat. (1967) ch. 131, sec. 1.03), which states that "words importing the singular number may extend and be applied to several persons or things * * *."

In the absence of any showing of duplication of work on the part of attorneys, whether they were in the same lawfirm or in a firm not associated, the fact of non-association in a lawfirm will not prevent counsel whose work is otherwise compensable from being included in the costs of a Section 41 award. Plaintiffs' argument that the award was an abuse of discretion was made with no reasons whatsoever given in support of their position.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.