Manchester Insurance & Indemnity Company, a Corporation, Plaintiff-Appellant, v. Marjorie Strom, Ronald Strom, Constance Marie Lindell Strom, Edna L. Meints, Eddie F. Meints, State Farm Mutual Automobile Insurance Company, a Corporation, Cynthia Meints, Teresa Meints and Shirley Meints, Defendants-Appellees.

Edna L. Meints, Cynthia Meints and Teresa Meints, Third-Party Plaintiffs-Appellants, v. Marjorie Strom, Ronald Strom, Constance Marie Lindell Strom, State Farm Mutual Automobile Insurance Company, a Corporation, American Family Insurance Group, a Corporation, and American Family Mutual Insurance Company, a Corporation, Third-Party Defendants-Appellees.

Gen. No. 69-184.

Second District.

April 24, 1970.

Knight and Knight, of Rockford (William D. Knight, Jr., of counsel), for plaintiff-appellant, and Canfield, Canfield, Franks, Wylde and Hoad, of Rockford (Robert R. Canfield, of counsel), for third-party plaintiffs-appellants.

Canfield, Canfield, Franks, Wylde & Hoad, of Rockford Robert R. Canfield, of counsel), for defendants-appellees Edna L. Meints, Cynthia Meints, and Teresa Meints, Sreenan & Ellsworth, of Rockford (Gilbert N. Ellsworth, of counsel), for third-party defendants-appellees Marjorie Strom, Ronald Strom, and Constance Marie Lindell Strom, Maynard & Brassfield, of Rockford (Eugene E. Brassfield, of counsel), for third-party defendant-appellee American Family Mutual Insurance Company, and Gilbert, Powers & Graves, of Rockford (Edwin T. Powers, Jr., of counsel), for third-party defendant-appellee State Farm Mutual Automobile Insurance Company.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Manchester Insurance & Indemnity Company, the plaintiff, has appealed from an adverse decision of the trial court in its action for a declaratory judgment that an endorsement to its insurance policy relieved it of the obligation to defend and to pay certain judgments which had been entered against Constance Marie Lindell in prior personal injury and property damage suits.

It appears that during the summer of 1964, the plaintiff sought permission from the Department of Insurance

of the State of Illinois to use a restrictive endorsement on certain of its insurance policies which provided that: "It is hereby understood and agreed that the Insuring Agreement 'Definition of Insured' is eliminated and such insurance as is afforded by the policy applies only to the named insured or members of his or her immediate family."

On September 18, 1964, the Department of Insurance notified the plaintiff that the endorsement was not acceptable for use in this State and directed the plaintiff to discontinue using it. The plaintiff took no action to review the propriety of the decision of the Department of Insurance.

Thereafter, on December 13, 1965, the plaintiff issued the policy in question to Marjorie Strom, as the insured. She is the mother of Ronald Strom, who was listed in the policy as a driver of the car. At the time in question, he was a minor. The plaintiff claims that at some time between December 15, 1965, and January 6, 1966, it sent a copy of the restrictive endorsement in question, to Marjorie Strom. She denies that she received the endorsement and denies that the signature thereon is hers. Evidence was introduced to the effect that it was not her signature; no contrary evidence was offered.

On March 12, 1966, Constance Marie Lindell, who later married Ronald Strom, was driving the insured vehicle and was involved in an accident. As a result of this accident, the two judgments—one for personal injury and one for property damage—were entered against Constance Marie Lindell. The plaintiff defended both of those lawsuits. However, it claims that it did so under a reservation of rights, which is denied by the persons who were defendants in the two lawsuits.

The plaintiff then instituted this declaratory judgment action against Marjorie Strom, their named insured, Ronald Strom, Constance Marie Lindell Strom, the plaintiffs-judgment creditors in the previously mentioned two

186

lawsuits, and the insurance company with whom the plaintiffs-judgment creditors carried uninsured motorist coverage. The judgment creditors then brought a third-party action against the insurance company which insured Constance Marie Lindell on the date of the accident.

The declaratory judgment action was heard by the court without a jury. The trial court found that the restrictive endorsement was null and void in that it had been disapproved by the Department of Insurance; that the restrictive endorsement had not been received, accepted or signed by the named insured; that the plaintiff had not defended under a valid reservation of rights; that the plaintiff was unreasonable and vexatious in bringing the declaratory judgment action; that the suit was frivolous and without sound legal basis; and that, therefore, the defendants and third parties were entitled to reasonable attorneys' fees and expenses under the provisions of Ill Rev Stats 1967, c 110, par 41, and c 73, par 767.

Section 143 of the Insurance Code (Ill Rev Stats 1967, c 73, par 755) provides that casualty companies transacting business in this state shall file policies, certificates of insurance, endorsements, riders and bylaws that are incorporated in any insurance policy with the Director; and that if the Director finds from his examination that any such policy or endorsement "violates any provision of this Code, contains inconsistent, ambiguous or misleading clauses, or contains exceptions and conditions that will unreasonably or deceptively affect the risks that are purported to be assumed by the policy, he shall order the company or companies issuing such forms to discontinue the use of the same."

The section further provides that if policies have been issued which are found to be in conflict with the subsection, the legality of the policies would not be affected, but the policies would be subject to the provisions of section 442 of the Insurance Code.

187

Section 442 of the Code (Ill Rev Stats 1967, c 73, par 1054) provides that if any policy of insurance, endorsement or rider used in connection therewith, is issued which includes provisions prohibited by the Director, the policy shall nevertheless be valid, but shall be construed so that the rights and obligations of the company thereunder shall not be less favorable to the holder of the contract and the beneficiary thereunder than is required by the provisions of the Insurance Code.

The Department of Insurance, during the summer of 1964, conducted an examination in which it reviewed all policy forms connected with the issuance of automobile insurance policies by the plaintiff company in the State of Illinois. During the course of the examination, the Director raised some question with regard to the restrictive endorsement which is the subject matter of this lawsuit. After some correspondence, the Director concluded his examination by a letter dated September 18, 1964, advising the plaintiff that the restrictive endorsement in question would not be permissible for use in the State of Illinois, and that the company must discontinue the use of such endorsements within the State.

The Director of Insurance, under the provisions of sections 143(2) and 401 (Ill Rev Stats 1967, c 73, pars 755 and 1013), clearly had the power to examine the automobile insurance policy forms intended for use by the plaintiff company within the State of Illinois, and to order the discontinuance of any provision found unacceptable.

Under section 407 of the Act (Ill Rev Stats 1967, c 73, par 1019), the plaintiff was given a right to, and a procedure for obtaining, a court review of this decision of the Director. It is undisputed that the Director disapproved the endorsement in question in September of 1964 and that no judicial review was sought from this decision. Yet, the plaintiff's basis for seeking to avoid liability under its policy of insurance is the very endorsement which it was ordered not to use by the Di-

188

rector, and which was issued subsequent to the decision of the Director. This precise point was raised in Linkens v. Furman, 52 Ill App2d 1, 7, 8, 201 NE2d 645 (1964), where it was held that an endorsement issued by a company after the Director of Insurance had expressly advised that the endorsement was not acceptable for use within this State could not be availed of by the company to otherwise restrict the terms of its policy.

█ █ Also, the trial court found that the endorsement had neither been received nor signed by Marjorie Strom; that the plaintiff had not defended the original actions under a qualified reservation of rights; and that there was no evidence to support the allegation that Constance Marie Lindell had been operating the vehicle in question without the permission of the insured. These findings, likewise, are supported by the record and are not against the manifest weight of the evidence. They will not be disturbed by this Court. Sawchyn v. Samlow, 109 Ill App2d 363, 370, 248 NE2d 763 (1969); Johnson v. Fischer, 108 Ill App2d 433, 437, 247 NE2d 805 (1969).

█ We next turn to the question of whether the trial court was correct in allowing the defendants and third-party plaintiffs reasonable attorneys' fees and expenses under the provisions of the Civil Practice Act and Insurance Code. (Ill Rev Stats 1967, c 110, par 41 and c 73, par 767.) Under the circumstances of this case, we believe that the trial court properly allowed such fees and expenses.

The ultimate basis of the plaintiff's case, as disclosed in both its complaint and appeal to this Court, is that the restrictive endorsement barred coverage when the car in question was driven by Constance Marie Lindell, a person who was neither the named insured nor a member of the immediate family of the named insured. This restrictive endorsement was issued after the plaintiff had been advised by the Director that its use was not permissible in this State. The plaintiff does not suggest that it was

189

unaware of this determination, and the records of the Department of Insurance indicate otherwise.

█ Section 41 of the Civil Practice Act provides that allegations not made in good faith shall subject the party pleading them to the payment of reasonable expenses actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee. It appears to us that bad faith is implicit in the bringing of this action. Section 41 of the Civil Practice Act is an attempt to penalize a litigant who pleads frivolous or false matters, or brings a suit without any basis in law, whereby another party is put to the burden of expending money for an attorney to make a defense against an untenable suit. This section is properly invoked to prevent litigants from being subjected to harassment by the bringing of actions against them which are vexatious, and based upon false statements, or brought without any legal foundation. Ready v. Ready, 33 Ill App2d 145, 161, 162, 178 NE2d 650 (1962).

█ The defendants and third parties have petitioned this Court for the award of additional attorneys' fees and expenses in connection with this appeal. We believe that the bringing of this action was without any basis and in bad faith, and that the appeal is a needless extension of a baseless lawsuit. By this appeal, it appears that the plaintiff has remained stubbornly litigious and has caused the defendants and third parties additional unnecessary expenses for which they are entitled to reimbursement under the provisions of section 41 of the Civil Practice Act.

We believe that the amount of reasonable attorneys' fees and expenses incurred in connection with the appeal should be determined at a full hearing, and that such determination should be made by the trial court, upon petition and answer or other appropriate pleadings, and after the evidence has been received on this issue.

Thus, we affirm the judgment of the trial court and grant the petitions for the assessment of additional rea-

sonable attorneys' fees and expenses incurred in connection with this appeal, and we remand the case to the trial court for further proceedings in this respect, consistent with the views expressed herein.

Judgments affirmed; petitions for an award of reasonable attorneys' fees and expenses in connection with this appeal allowed, and such petitions are remanded to the trial court to determine the amount of such fees and expenses.

ABRAHAMSON and SEIDENFELD, JJ., concur.