*In re* MARRIAGE OF BEVERLY B. VAN FLEET, Petitioner-Appellee, and FRED VAN FLEET, Respondent-Appellant.

Third District    No. 80-606

Opinion filed August 18, 1981.

William R. Stengel, Jr., and Robin DeMars Goodstein, both of Coyle, Gilman & Stengel, of Rock Island, for appellant.

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

On a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72), the circuit court of Mercer County awarded relief to Beverly Van Fleet. Fred Van Fleet appeals.

Beverly Van Fleet filed for divorce in Mercer County, Illinois, in 1976. After protracted litigation, a judgment of dissolution was entered February 6, 1979. The court found, *inter alia*, that a farming partnership existed between the husband and wife through January 1976. The court awarded the wife and husband an undivided one-half interest each in their four-fifths interest of a 220-acre farm subject to the following encumbrances or debts against said real estate: $80,918.32 to FHA; $20,000 to Commodity Credit Corp.; $120,000 to Phoenix Insurance Co.; $75,028.80 to the husband's brothers and sisters. Each of the parties was ordered to pay one-half of said encumbrances, and each party was to account to the other for all income and expenses of the farming operation from September 1, 1977, to such date as "the interests in said tracts are finally settled between the parties." The trial court further found that "the interests herein are fixed as of September 1, 1977, and any party having made payments on debtedness chargeable against any property, shall be given credit for same."

Four and one-half months later, on June 22, 1979, Beverly Van Fleet filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). Therein, she sought modification of the February 6, 1979, judgment. She alleged that the court entered the judg-

ment without considering the disposition of the $120,000 proceeds received from the Phoenix Insurance Company loan. Thereafter, Mrs. Van Fleet filed a complaint for partition of the real estate awarded by the judgment of dissolution.

On July 17, 1979, an order was entered pursuant to a stipulation between the parties in open court. The order provided, *inter alia*, that Mrs. Van Fleet would withhold action on the partition suit; in lieu of two years' cash rent for 1977 and 1978, Fred Van Fleet would turn over to Beverly Van Fleet 9,025 bushels of corn plus $2,348; the court would make additional order relating to the accounting of the $120,000 Phoenix loan proceeds; cash rental payment for 1979 would be determined by the court at such time it considers the Phoenix loan proceeds; each party shall obtain and exchange with the other appraisal on the real estate awarded by the judgment of dissolution.

Six and one-half months later, on January 29, 1980, a hearing was held to resolve the remaining issues. While the record contains no transcript of this hearing, it appears from a "trial brief" in the record that written real estate appraisal reports and testimony relating to the Phoenix loan were introduced into evidence. Mrs. Van Fleet also appears to have raised the issue of rent or an accounting for 1975 and 1976.

On July 2, 1980, the court entered order upon the matters considered at the January 29, 1980 hearing. The court ordered, *inter alia*, Fred Van Fleet pay to Beverly Van Fleet the sum of $14,850 for cash rental value for 1975, plus the sum of $14,850 for cash rental value for 1979. Beverly Van Fleet "as properly settlement shall receive the Phoenix Mutual tract consisting of 77.21 acres subject to the Phoenix Mutual loan balance in the sum of $111,000; as balance of the property settlement, Fred Van Fleet shall pay Beverly Van Fleet the sum of $103,460 in five equal installments commencing January 1, 1981."

On July 15, 1980, Fred Van Fleet filed a motion for reconsideration of the July 2, 1980, order. Hearing thereon was held September 19, 1980. After hearing arguments, the court denied the motion for reconsideration on all issues except as to the 1975 rent award, which the court took under advisement. By order entered October 29, 1980, the court affirmed the 1975 rent award but ordered that the sum of $14,850 be reduced by the sum of one-half the taxes and insurance costs for 1975.

On November 19, 1980, Fred Van Fleet filed his notice of appeal, appealing the orders of July 2, 1980, September 19, 1980, and October 29, 1980.

■■ Initially, we note that Mrs. Van Fleet moves this court to dismiss the appeal as not timely filed. Mrs. Van Fleet argues that the 30-day period to file notice of appeal expired on October 19, 1980. We do not agree. Supreme Court Rule 303(a) provides in part:

"\* \* \* the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion." (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a).)

Timely post-trial motion was filed in the instant case. Although the motion was denied, one issue raised therein was taken under advisement by the court. The order disposing of that issue was entered on October 29, 1980. Therefore, the period for filing notice of appeal expired on November 29, 1980. Since Mr. Van Fleet filed his notice of appeal on November 19, 1980, it was timely filed, and we now consider the issues presented to this court by Mr. Van Fleet.

Initially, Mr. Van Fleet argues that the trial court should have dismissed the section 72 petition because (1) it raised issues which were known or should have been known to the parties at the time of the hearing for the divorce; (2) it was not verified or supported by affidavits and did not contain necessary allegations required by the statute.

■■ ■ We find no evidence in the record that Mr. Van Fleet raised the sufficiency of Mrs. Van Fleet's section 72 petition prior to this appeal. Where the petition is answered on the merits, no motion to strike or dismiss the petition is filed, and the petition does not totally fail to state a set of facts upon which relief can be granted, any objections as to the sufficiency of the petition are waived. (*Wilson v. Wilson* (1965), 56 Ill. App. 2d 187.) Such objections cannot be raised on review unless properly presented in the court below. (*Bourne v. Seal* (1964), 53 Ill. App. 2d 155.) Furthermore, any alleged defects as to the sufficiency of Mrs. Van Fleet's petition were waived by the agreed order entered on July 17, 1979. Pursuant to stipulation by both parties in open court, the order provided that the court should, at a later time, enter an order concerning the Phoenix Insurance Co. loan proceeds. The Phoenix loan was the sole issue raised by Mrs. Van Fleet's section 72 petition. Alleged defects in the section 72 petition cannot be raised now simply because the court's ultimate disposition of the Phoenix loan issue was adverse to Mr. Van Fleet. He agreed to have the dispute resolved by the court. Accordingly, he must abide by such resolution.

■■ Mr. Van Fleet next complains that by filing her section 72 petition, Mrs. Van Fleet was attempting to circumvent the parties' stipulation that there would be no appeal from the judgment of dissolution entered February 6, 1979. On March 21, 1979, an order was filed in Mercer County Circuit Court, which stated in full:

"By stipulation and agreement of the parties; The time for appeal has elapsed.

ORDERED, that the clerk is directed to return the husband's exhibits to the husband and the wife's exhibits to the wife.

WE STIPULATE AND AGREE TO THE ENTRY OF THIS ORDER.

> /s/ Franklin S. Wallace,
>     one of the wife's attorneys.

> /s/ Barry M. Barash,
>     one of the husband's attorneys.

> March, 1979.

> /s/ Conway L. Spanton, Judge."

This stipulation was to facilitate the return to the parties of their respective exhibits because the time for appeal had lapsed. It in no way abrogated any party's right to file a section 72 petition.

Finally, Mr. Van Fleet claims that the trial court erred when it ordered payment to Mrs. Van Fleet of a 1975 cash rent when that issue was not raised by the section 72 petition.

██ The record is not adequate for our review of this claim. An assignment of error must be based on the record itself and not merely upon argument of counsel. (*Odin Coal Co. v. Industrial Com.* (1921), 297 Ill. 392.) Mr. Van Fleet argues that the issue of 1975 rent was litigated in the dissolution proceedings. However, he has not provided a transcript of those hearings for our review. Moreover, we do not have the transcript the hearing on the section 72 petition. It appears from the "trial brief" filed by Mr. Van Fleet's attorney, that the issue of 1975 rent was raised at the section 72 hearing. We find no error in a trial judge making an award based upon testimony adduced at trial, though such relief may not have been specifically requested in the section 72 petition. It is established that in the absence of a report of proceedings, it is assumed that the trial court heard adequate evidence to support the decision rendered. (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474.) Accordingly, we affirm the judgment of the circuit court of Mercer County.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.