JESSE E. McCORMICK, Plaintiff-Appellant, *v.* LOUIS JOLIET BANK & TRUST COMPANY, Defendant-Appellee.

Third District   No. 82—179

Opinion filed April 14, 1983.—Rehearing denied May 25, 1983.

STOUDER, J., dissenting.

Timothy J. Rathbun, of McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellant.

J. M. Nunes, of Kroesch & Kavanagh Law Offices, Ltd., of Joliet, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Jesse E. McCormick appeals from judgment entered by the circuit court of Will County granting a motion filed by Louis Joliet Bank & Trust Company for fees and expenses pursuant to section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 41.) On appeal, McCormick contends that the bank failed to establish either an untrue pleading or that any allegedly untrue pleading was made without reasonable cause. In the alternative, McCormick contends that the amount of fees and expenses awarded were excessive.

The complaint, upon which the instant action is founded, was filed

by McCormick in March of 1981 against the bank in its capacity as administrator of the estate of his deceased son, LeRoy E. McCormick. Relevant allegations of the complaint serve to detail the background of the parties' dispute:

"2. On or about Spring, 1978, Plaintiff made a loan of $6,000.00 to the said LeRoy E. McCormick, for the purpose of assisting LeRoy McCormick in making the down payment on the purchase of a house.

3. On or about August 20, 1978, LeRoy E. McCormick died.
* * *

7. At all times relevant hereto, John Sternisha was employed by the Defendant as the Trust Officer and was acting within the course and scope of his employment.

8. On or about October, 1978, Plaintiff had a conversation with John Sternisha regarding the $6,000.00 loan to LeRoy E. McCormick.

9. That, Plaintiff informed the said John Sternisha that he had loaned LeRoy E. McCormick the $6,000.00 and desired to present a claim for the money against the Estate.

10. That, Plaintiff handed to Mr. Sternisha copies of checks which represented the loan to LeRoy E. McCormick, one of the checks bearing the notation 'Loan'.

11. That, the said John Sternisha told Plaintiff that the $6,000.00 would be paid as a claim against the Estate, and that it was not necessary for Plaintiff to final [sic] a formal claim therefor, including the statement 'Don't bother to file a claim—I'll take care of it.'

12. That, the Estate was inventoried on December 5, 1978.

13. That, on or about September, 1979, after six months from the date of the issuance of the letters of administration had been filed, Plaintiff again spoke with John Sternisha.
* * *

15. That, during said meeting John Sternisha informed Plaintiff that the claim for the $6,000.00 would not be honored."

Further attempts by McCormick to recover the $6,000 out of court proved unsuccessful, so he filed a claim in probate court on December 7, 1979, explaining therein "that in October of 1978 the Executors [sic] Agent stated that it would not be necessary to file this claim, that this claim would be paid." On motion of the administrator, the probate court dismissed the claim for failure to file timely and noted that the doctrine of estoppel, as a matter of law, "cannot *** operate to extend the proscribed [sic] period for filing *** pursuant to

Article 28 of the Probate Act."

Following this defeat, McCormick resorted to filing the aforementioned complaint against the administrator for "improper conduct * * * within [the meaning of] Section 12—15 of the Probate Act."

On November 2, 1981, the trial court heard the matter. McCormick testified that the only evidence he had to prove that he had, in fact, loaned $6,000 to his son consisted of two checks dated April 17, 1978, and June 12, 1978, for $5,000 and $1,000, respectively, payable to "Lee McCormick" and drawn on the account of Jesse McCormick and Suvasini McCormick.

During direct examination about McCormick's claim against the estate, the following colloquy took place between counsel and McCormick:

"Q. Did you have occasion to tender any documentation regarding this supposed six thousand dollar loan to Mr. Sternisha at this time?

A. Just the checks.

Q. Okay. What checks are you referring to, Mr. McCormick?

A. The two checks I had given to my son, one for five thousand and one for one thousand.

Q. Are those the two checks in front of you?

A. Yes.

Q. Did you deliver copies of the checks to Mr. Sternisha?

A. I don't recall if I delivered copies or took the originals in to him and made copies. I'm not sure."

The two checks offered into evidence by McCormick each bore notations—the one for $1,000 showed "Loan-Closing Cost," and the one for $5,000 showed "Down Payment on House." When asked at trial whether his son knew of the "loan" notation appearing on the one check, he replied, "Sure."

Sternisha testified that he neither promised to pay on the two checks nor told McCormick not to file a claim on them. Ernestine Thompson, an employee responsible for microfilming checks at Louis Joliet Bank, brought microfilm copies of the two checks in question which were admitted into evidence. She testified that the microfilms depicted the checks as they appeared upon negotiation. Neither bore any notation.

At the conclusion of all testimony and arguments of counsel, the trial court entered judgment "in favor of the defendant, and against plaintiff at plaintiff's cost."

Thereafter, on December 7, 1981, Louis Joliet Bank filed its mo-

tion for expenses and attorney fees under section 41 of the Civil Practice Act. The motion recited that McCormick's complaint contained untrue allegations made without reasonable cause with respect to the notations on the checks used as evidence of the purported loans. The motion recited that McCormick's complaint contained untrue allegations made without reasonable cause with respect to the notations on the checks used as evidence of the purported loans. The motion recited an expenditure of $107.18 in costs, and an affidavit by defendant's counsel established that attorney fees amounted to $2,303. The matter was heard by the trial court and judgment was granted in favor of Louis Joliet Bank in the sum of $2,410.10. A timely notice of appeal was filed, thereby conferring jurisdiction in this court.

During the pendency of the appeal, the bank filed a motion in this court for attorney fees in the amount of $1,670 incurred in the defense of this appeal. That motion and McCormick's objections were taken with the case.

Section 41 is penal in nature and may be invoked only in cases falling strictly within its terms, which include two elements—that the allegations in question be made without reasonable cause and that they be found to be untrue. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 512, 394 N.E.2d 1273, 1282.) The burden of proof is on the party seeking the imposition of sanctions to prove that both elements are met. (*Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 405, 432 N.E.2d 1035, 1037.) The award of sanctions under section 41 is a matter within the sound discretion of the trial court (*Brandenberry Park East Apartments v. Zale* (1978), 63 Ill. App. 3d 253, 262-63, 379 N.E.2d 674, 681), and will not be reversed on appeal lacking a clear showing of abuse of discretion.

■ In the present case, McCormick argues that the bank's evidence failed to prove either untruth of his allegations concerning a loan or that the allegations were made without reasonable cause. The record before us contains a transcript of the underlying trial, but we have no verbatim transcript or comparable record of the hearing on the section 41 motion. It is well established that the party claiming error in the trial court has the burden of presenting an adequate record for our review. In the absence of such a record we will presume the sufficiency of evidence to support the trial court's judgment. *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.

■ In the present case, our review of the common law record and the trial transcript convinces us that the evidence would support a finding that the complaint contained untrue allegations with respect

to the $6,000 "loan." We presume, in the absence of clear evidence to the contrary, that the court's additional finding—that the allegations were made without reasonable cause—was not an abuse of discretion. *In re Marriage of Van Fleet* (1981), 99 Ill. App. 3d 225, 229, 425 N.E.2d 69, 72.

McCormick next argues that the trial court erred in awarding attorney fees and costs in an amount equal to the total sum expended by the bank in defending this action. Since only one untrue allegation was specified in the section 41 motion, McCormick argues he should not have been assessed with the total bill.

The bank argues that the cornerstone of McCormick's complaint was that the check bearing the "loan" notation proved his right to relief. In the absence of this documentary "evidence," no legal expenses at all would have been incurred by the bank.

■ The amount of fees and expenses, like the decision whether to award them as a sanction under section 41, is a matter within the trial court's sound discretion. We have reviewed the entire record before us, and fail to find any abuse of that discretion in the court's determination to award the full amount of costs and fees incurred by the bank.

■ Finally, because we find that this appeal was a needless extension of a baseless lawsuit, we hold that the bank is entitled to reimbursement of reasonable attorney fees and expenses incurred in defending itself on this appeal. (*Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 187, 258 N.E.2d 150, 153.) Accordingly, we remand this cause to the trial court for a hearing to determine and to award reasonable attorney fees and expenses incurred by the bank in connection with this appeal.

Affirmed and remanded for further proceedings consistent with the views expressed herein.

ALLOY, J., concurs.

JUSTICE STOUDER, dissenting:

I disagree with my colleagues as to their conclusion that the Louis Joliet Bank and Trust Company was entitled to payment from Jesse McCormick of reasonable expenses and attorney fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41).

Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41) states:

"Untrue statements. Allegations and denials, made without

reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion ***."

This statute is quite explicit in requiring the untrue allegation be made specially in a pleading before the right of a trial court to award costs and expenses can arise. The majority opinion purports to summarize this section of the statute but fails to note it is an untrue allegation in a pleading which triggers the application of the statute and it is this failure of the trial court, the defendant and the majority to restrict their arguments and observations to the pleadings which permeates this case and permits reliance on a false premise to lead to a wrong result. In *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185, the court states "it will be assumed that the attorneys, in filing pleadings, have due regard for their duties and responsibilities as officers of the court, and they are permitted to exercise broad discretion based upon an honest judgment from the facts presented to them." The failure of a party to sustain his or her burden of proof does not necessarily establish that allegations in a pleading are untrue and made without reasonable cause.

Perhaps the starting point of my analysis is best presented by reviewing the defendant's motion for the allowance of expenses and attorney fees. This motion in pertinent part provides:

"1. That on March 5, 1981, Plaintiff filed a Complaint against Defendant for the recovery of $6,000.00.

2. That said Complaint was based on allegations of a loan to LeRoy McCormick, a deceased son of the Plaintiff.

3. That the only indicia of said loan presented by Plaintiff were copies of checks, one of which bore the word 'loan.'

4. That Plaintiff testified at the trial that said word 'loan' was inscribed on the check at the time he delivered said check to his son.

5. That any and all allegations regarding the word 'loan' on the check could not have been made in good faith.

6. That the Plaintiff introduced copies of said checks at the trial in this cause.

7. That the Defendant introduced copies of the microfilm of said checks taken after the same were cashed at the National Bank of Joliet.

8. That at the time said checks were cashed by LeRoy McCormick, said checks were devoid of the word 'loan' or any

other of the subsequently added notations.

9. That the allegations pertaining to the word 'loan' as evidence of a loan were found to be untrue and made without reasonable cause.

10. That Defendant had to incur the expenses and attorneys fees defending this lawsuit, and that said expenses and attorneys fees were totally attributable to the bad faith allegations of the Plaintiff which were untrue. ***"

Paragraphs 11 thru 14 detailed the expenses and attorney fees incurred by the defendant.

According to the docket judgment of January 13, 1982, from which this appeal is taken the trial court found:

"*** Court considering evidence heard and taken and arguments of counsel, finds that Sanction on plaintiff should be entered as to actual expenses and reasonable attorney fees in that certain allegations and denials by plaintiff having been made without reasonable cause and further to be untrue, and it is therefore ordered that plaintiff be and is hereby assessed and judgment entered accordingly in favor of the defendant. ***"

The only allegation of the complaint mentioning a check is paragraph 10, which provides:

"10. That, Plaintiff handed to Mr. Sternisha copies of checks which represented the loan to LeRoy E. McCormick, one of the checks bearing the notation 'loan.' "

In its answer the defendant admits paragraph 10 of the complaint.

Defendant devotes a considerable portion of its brief describing plaintiff's conduct with such vituperative epithets as "forger" and "perjurer" but neglects to cite any cases either supporting any characterizations or supporting its claim the conditions of section 41 were met entitling it to expenses and attorney fees. As can be seen from the defendant's motion, no allegation in the pleading is set forth which is untrue. Rather the motion reveals that because of a deficiency in the evidence the plaintiff was not entitled to recover and did not recover. It should be emphasized at this juncture section 41 deals only with untrue allegations in pleadings and is not concerned with evidence whose probative value may have been impeached or destroyed during a trial.

By introducing evidence at the trial by the microfilm the defendant was able to prove the legend "loan" was not on one of the checks at the time it was presented for payment and paid by the bank. Reasoning from this fact, the defendant seems to argue by reverse inference that somehow or other this must mean somewhere in the com-

plaint and in particular in paragraph 10, there was an allegation in the complaint alleging that the legend was on the check at the time it was given to the plaintiff's son. Of course there is no such allegation, and the only allegation regarding the check is that it contained the legend at the time it was exhibited to the bank officer, an allegation which the evidence not only shows to be true but is also shown to be true by defendant's response in his answer admitting the allegation to be true as a judicial admission.

Granted that paragraphs 4, 5, 6, 7, 8 and 9 of the defendant's motion to assess expenses and attorney fees are true, nevertheless they fail to demonstrate that any allegation of the complaint is untrue. Paragraph 3 of the motion asserts "That the only indicia of said loan presented by Plaintiff were copies of checks, one of which bore the word 'loan.' " This assertion is at best ambiguous and at worst misleading. The checks were indicia of a loan in that they were evidence that money had been delivered from father to son and the checks had this effect whether or not there were any legends on them at the time. Both the testimony of the father and mother indicate at the time the checks were delivered on two different occasions they were delivered with the understanding that the money was a loan and would be repaid. If the money had been delivered to a third party not related to the plaintiff the testimony might well have been sufficient to establish a loan where it was insufficient to do so in the face of the generally accepted presumption that a transfer to a child is a gift. Indeed, the defendant suggests that even where a loan is intended its terms may be sufficiently vague that under IRS interpretations it will be considered a gift when made to a child. Whether the legend "loan" was or was not on one of the checks at the time they were delivered to the son is of little significance. Even had the legend been present it would have had little if any probative value. Although the father considered the amounts represented by each check a loan, the legend appeared only on one.

Finally, I believe the allowance of attorney fees for the entire trial to the defendant merely compounds and emphasizes the basic error. What material untrue allegation of the complaint made without reasonable cause required disproval by allowing defendant attorney fees for all aspects of the defense of the case?