CHAOVANEE AROONSAKUL, Petitioner-Appellant, v. CHARLES FLANAGAN, Respondent-Appellee.

First District (1st Division)  No. 85—1549

Opinion filed January 20, 1987.—Modified March 23, 1987.—Rehearing denied April 29, 1987.

Clyde Ogg, of Arlington Heights, for appellant.

Lord, Bissell & Brook, of Chicago (David J. Slawkowski, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Petitioner, Chaovanee Aroonsakul, brought a second paternity action against respondent, Charles Flanagan, more than two years after the same respondent was found by a jury not to be the father of plaintiff's child and after that decision was affirmed by this court on appeal. (*Aroonsakul v. Flanagan* (1984), 124 Ill. App. 3d 626, 464 N.E.2d 1091.) Petitioner now appeals from the trial court's orders dismissing her second complaint, denying her various post-trial motions seeking to relitigate the paternity issues, and awarding attorney fees and costs in favor of respondent. We affirm.

Petitioner brought her original suit against respondent in 1981. On June 6, 1982, the jury returned a verdict of nonpaternity. The basis for the verdict, which was fully set forth in this court's opinion affirming that decision on May 8, 1984, included the following facts: Pe-

titioner, respondent, and petitioner's child had submitted to various blood tests, including a Human Leucocyte Antigen (HLA) test which established that the child carried an unidentifiable antigen which had to have been inherited from his father but which respondent did not possess; an independent KM blood serum test, which was also performed, showed that the child carried a specific inherited protein serum marker found in neither petitioner nor respondent; a second HLA test performed on respondent nine months after the first test, and also performed on four of respondent's five siblings, revealed it to be a genetic impossibility for respondent to have inherited or passed on one of the identified antigens carried by the child, and the five expert witnesses who testified for the respondent stated that the tests performed conclusively excluded him as the child's father.

In her prior appeal, petitioner sought a new trial on the grounds that certain medications taken by respondent to cure a liver ailment had rendered the HLA tests, which had excluded paternity, unreliable. In affirming the jury's verdict, this court noted that although petitioner had been allowed extensive cross-examination of respondent's witnesses who had administered the tests, and had been given every opportunity to rebut the subject test results with her own experts and other evidence, she had failed to do so. It was also noted that the weight to be given such test results had been properly left to the jury, which had also considered the unrebutted testimony of defendant's experts that none of the medication taken by respondent could have caused one genetic marker to change into a different, identifiable marker; testimony of the parties themselves with regard to their personal relationship, and the opinion of one of petitioner's own rebuttal witnesses that the degree of probability of respondent's paternity was "low." *Aroonsakul v. Flanagan* (1984), 124 Ill. App. 3d 626, 630, 464 N.E.2d 1091.

Subsequently, on September 19, 1984, petitioner filed a new complaint for paternity against respondent, in which she alleged that by ingesting certain medications which changed his HLA markers, respondent had falsely represented to the court that he was not the father of her child. Petitioner also alleged the existence of new tests, developed since the time of the first trial, which could measure the damage to DNA caused by the drugs ingested by respondent. On March 12, 1985, the trial court dismissed the complaint on the basis of *res judicata*, and also granted respondent's motion for attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). Judgment for respondent was entered on April 1, 1985.

On April 10, 1985, petitioner filed two post-trial motions in an attempt to retry the same issue raised in her original action against respondent. In the first pleading, petitioner sought to vacate the order of March 12, 1985, for lack of jurisdiction, asserting that the dismissed complaint should have been treated as a petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) to vacate the judgment of June 9, 1982. The motion was based on purported "newly discovered evidence" in the form of blood tests allegedly not available at the time of trial which could measure the breakdown of genetic markers in persons ingesting drugs affecting DNA, and on alleged "perjury and fraud" by defendant and his witnesses during the first trial. In support of this motion, petitioner submitted the expert affidavit of Dr. Rueben Matalon, which also stated that paternity cannot always be excluded on the basis of HLA and KM serum tests alone, citing the possibility of a "rare recessive mutation" which could conceivably render such results unreliable. Petitioner's second pleading, entitled "Post Trial Motion to Reopen the Case," contained essentially identical allegations.

A hearing was had on May 6, 1985, during which petitioner testified. In denying the motions, the trial court stated its belief that petitioner had failed to present any evidence which, had it been presented at the first trial, would have compelled a different outcome.

On appeal, petitioner claims that the trial court erred in denying her relief under section 2—1401 where her petition alleged that "new and material" evidence had been discovered that would alter the result in the original paternity action, that respondent had participated in a fraud on the court in the original action, and that respondent's witnesses had perjured themselves during trial. Petitioner also claims that the court erred in refusing to hold an evidentiary hearing and to allow her to call an expert witness in support of her petition. Respondent contends that petitioner's post-trial pleadings, each of which was filed more than two years after judgment was rendered on the jury's verdict, are barred by the two-year limitation for seeking relief under section 2—1401, and that, in any event, the pleadings fail to set forth any legally sufficient grounds for setting aside the judgment. We agree.

■ The clear purpose of a petition under section 2—1401 (formerly section 72) is to bring before the trial court matters of fact not appearing of record which, if known to the court at the time judgment was rendered, would have prevented its rendition, and proceedings under this section were not designed to afford litigants a fresh opportunity to do that which should have been accomplished at an

earlier proceeding. (*Taxman v. Health & Hospital Governing Com.* (1980), 83 Ill. App. 3d 499, 501, 404 N.E.2d 419, *appeal denied* (1980), 81 Ill. 2d 599.) The section limits the time for which relief may be sought from final judgments to two years, unless the person seeking relief is under legal disability or duress, or the ground for relief is fraudulently concealed. Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(c).

Petitioner seeks to bring herself within the given exceptions by merely characterizing the testimony of various witnesses at the previous trial as "fraudulent misrepresentation," "suppression of" and "tampering with" evidence, "perjury," and "fraud." It is clear, however, that the use of perjorative terms alone will not relieve petitioner of her obligation to comply with the provisions of the Code; it is insufficient to merely assert that the grounds for relief were "fraudulently concealed." (*Masters v. Smythe* (1970), 124 Ill. App. 2d 474, 259 N.E.2d 399, *appeal denied* (1970), 44 Ill. 2d 584.) Rather, petitioner must not only allege facts, supported by affidavit, demonstrating affirmative acts or representations by respondent designed to prevent discovery of the purported grounds for relief (*Crowell v. Bilandic* (1980), 81 Ill. 2d 422, 411 N.E.2d 16), but must also demonstrate through factual allegations that the lack of good faith and reasonable diligence on her part did not prevent discovery of the grounds for relief at the time of trial or within the limitation period. See *Taxman v. Health & Hospital Governing Com.* (1980), 83 Ill. App. 3d 499, 404 N.E.2d 419.

■ We find the petition now before us to be devoid of any factually supported allegations from which the trial court could conclude that the existence of any of the alleged grounds for relief had been fraudulently concealed by defendant; to the contrary, the record reveals that all of the alleged "new matters" raised in petitioner's current pleadings were either in fact raised at the prior trial, or could have been raised with ordinary diligence. We further find that petitioner has failed to set forth any matter, new or otherwise, which, if known to the court at the time of rendering the judgment, would have prevented its rendition.

The crux of plaintiff's claim is that by ingesting certain medications prior to the testing, defendant "fraudulently concealed" from the court that he is the father of plaintiff's child. This issue was not only raised, but argued extensively at trial, during which plaintiff introduced the testimony of various experts in an attempt to discredit the test results and to convince the jury that such tests were unreliable. Further, the medical articles cited in plaintiff's expert's affidavit in support of this purportedly "new" contention were available sev-

eral years prior to trial. Plaintiff also argues that the existence of two tests based on "new technology" not developed at the time of the prior trial is sufficient grounds for granting her a new trial on the same issues. Once again, however, plaintiff has presented no more than vague assertions of the possible unreliability of the previously performed tests negating paternity; neither plaintiff, nor the expert whose testimony she now seeks to introduce, has alleged any facts not known at the time of trial which would rebut the evidence relied on by the jury, including the unanimous testimony of defendant's experts that none of the medications taken by respondent could have caused one identifiable genetic marker to turn into a different, identifiable marker. The trial court therefore properly denied petitioner's motions for post-trial relief.

■ Petitioner also appeals from the trial court's award of attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), claiming that respondent failed to make a definite assertion as to which specific allegations in her second complaint for paternity were untrue and failed to assert that petitioner knew those allegations to be untrue when made and that the trial court failed to make a specific finding that certain allegations in the complaint were untrue. She also claims that the trial court's granting of respondent's motion without an evidentiary hearing on the merits was error where the judge did not preside over the first trial and was therefore "unfamiliar" with the matter. Finally, she argues that the amounts of fees and expenses claimed by respondent's attorneys and awarded by the trial court is "grossly excessive" and should be reduced by this court.

Section 2—611 provides, in part:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." Ill. Rev. Stat. 1985, ch. 110, par. 2—611.

Courts in several recent decisions interpreting this section have agreed that petitions may be granted without a hearing where the pleadings or evidence adduced at trial demonstrate that the two requirements—that the assertions were made without reasonable cause and found to be untrue—have been met (*Launius v. Najman* (1984), 129 Ill. App. 3d 498, 472 N.E.2d 170, *appeal denied* (1985), 102 Ill. 2d 554; *Brokaw Hospital v. Circuit Court* (1972), 52 Ill. 2d 182, 287

N.E.2d 472), or where a hearing would have required a virtual retrial of all the issues in the case (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273; *Voss v. Lakefront Realty Corp.* (1977), 48 Ill. App. 3d 56, 365 N.E.2d 347, *appeal denied* (1977), 66 Ill. 2d 637).

In granting respondent's petition, the trial court noted that the case had previously been "litigated to the hilt," and found petitioner's bringing the second paternity action based on the same facts as the prior action to be "totally without merit." We agree with the trial court that the instant situation presents precisely the type of circumstances contemplated by section 2—611 where, after a full trial on the merits, petitioner's original claim that respondent is the father of her child was found by the jury to be untrue; the original trial court, in entering judgment thereon, reviewed all of the evidence upon which the jury based its verdict; and that judgment was affirmed, after careful review, by this court on appeal. We further find no merit in petitioner's contention that an evidentiary hearing was required; the second trial judge was not only familiar with the evidence before the original trial court, but was conclusively bound, under the principles of *res judicata*, to accept that court's judgment.

Finally, we reject petitioner's claim that the attorney fees and costs assessed were improper; petitioner failed to present any evidence in opposition to the affidavit of respondent's attorney establishing such amounts, but relief solely on the unsworn, personal opinion of her own counsel that the amount of hours claimed and the standard fees charged by respondent's counsel were excessive. Under the circumstances, the trial court could accept the unrebutted affidavit of defendant's counsel as to the time spent and fees due and owing, and the court's determination that such fees and costs were reasonable did not constitute an abuse of discretion.

Defendant's motion for an order granting him the costs and attorney fees incurred in responding to this appeal was taken with the case; we now grant it.

The applicable law is succinctly stated in *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 258 N.E.2d 150, *appeal denied* (1970), 44 Ill. 2d 894. The court there said:

"The defendants and third parties have petitioned this Court for the award of additional attorneys' fees and expenses in connection with this appeal. We believe that the bringing of this action was without any basis and in bad faith, and that the appeal is a needless extension of a baseless lawsuit. By this appeal, it appears that the plaintiff has remained stubbornly liti-

gious and has caused the defendants and third parties additional unnecessary expenses for which they are entitled to reimbursement under the provisions of section 41 of the Civil Practice Act. [Now section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611).]

We believe that the amount of reasonable attorneys' fees and expenses incurred in connection with the appeal should be determined at a full hearing, and that such determination should be made by the trial court, upon petition and answer or other appropriate pleadings, and after the evidence has been received on this issue." (122 Ill. App. 2d 183, 190, 258 N.E.2d 150.)

See also *McCormick v. Louis Joliet Bank & Trust Co.* (1983), 114 Ill. App. 3d 205, 210, 448 N.E.2d 905, *appeal denied* (1983), 96 Ill. 2d 541; *Federal Insurance Co. v. Maritime Shipping Agencies, Inc.* (1978), 64 Ill. App. 3d 19, 33-34, 280 N.E.2d 873, *appeal denied* (1978), 71 Ill. 2d 617; *Schroeder v. Busenhart* (1971), 133 Ill. App. 2d 180, 183, 272 N.E.2d 750, *appeal denied* (1971), 47 Ill. 2d 592, *cert. denied* (1972), 405 U.S. 1017, 31 L. Ed. 2d 479, 92 S. Ct. 1293.

■ We find that this appeal is a needless extension of a baseless lawsuit. Defendant is entitled to reimbursement of reasonable attorney fees and costs incurred in defending himself on this appeal.

We affirm the judgment of the trial court, grant defendant's motion for his attorney fees and costs incurred on this appeal, and remand defendant's motion to the trial court to determine the amount of those fees and costs.

Judgment affirmed; motion for attorney fees and costs remanded for determination by the trial court.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.